## PETERS v. TWOGOOD et al.*
### No. 15046.

Court of Appeal of Louisiana. Orleans.
April 20, 1936.

---

*Rehearing denied 167 So. 841.

Fred G. Veith, of New Orleans, for appellant.

Edw. M. Robbert, City. Atty., and Wm. Boizelle, Asst. City Atty., both of New Orleans for appellee City of New Orleans.

WESTERFIELD, Judge.

This is a suit for confirmation of title and the erasure of certain tax liens in favor of the city of New Orleans. There was judgment below confirming plaintiff's title but ordering the payment of the taxes due the city of New Orleans. Plaintiff has appealed.

The property involved, which is fully described in the petition, consists of lots 4 and 5 in square 1379 in the third district of the city of New Orleans, and was acquired by Daniel Halstead Twogood on September 26, 1843. It had been continuously assessed in the name of Twogood since that date. In the year 1890 it was adjudicated to the state of Louisiana for the taxes due for that year. It was subsequently adjudicated to the city of New Orleans for taxes for the years 1910, 1915, and 1921, and was sold by the city to private individuals for taxes due for 1905, 1906, 1918, and 1919. Sometime in the year 1933—the record does not disclose the exact date—Clarence Peters, plaintiff herein, made application to the registrar of the state land office for the purchase of the property, caused it to be advertised for sale and sold by the sheriff of the parish of Orleans, bid it in at the sheriff's sale for the sum of $27, an amount in excess of its assessed value at the time of its adjudication to the state in 1890, and thereafter brought this suit against the tax collector for the city of New Orleans and others whose names have been connected with the title for confirmation of his title represented by the sheriff's deed under date of November 27, 1933. The claims of all persons who appeared in the trial court, except the city of New Orleans, were rejected, and no appeals in their behalf have been prosecuted.

The issue is therefore narrowed to the question of the right of the city of New Orleans to collect taxes assessed against the property in the interim between the adjudication to the state in 1890 and the purchase by plaintiff at the sheriff's sale in 1933.

Plaintiff's case is based upon Act No. 237 of 1924, which provides, in section 1, that, whenever the "period fixed by law for the redemption of property bid in for and adjudicated to the State of Louisiana for unpaid taxes due subsequent to January 1, 1880, shall have expired, without such property having been redeemed by the former owner or other persons to whom the right of redemption is granted, should any person desire to purchase any such property bid in for and adjudicated to the State for unpaid taxes, he shall with an application to purchase, deposit with the Register of the State Land Office, the sum of Fifteen Dollars ($15.00) as evidence of good faith in said application." Section 2 of the act requires the register of the state land office to cause the property to be advertised for a period of 30 days. Section 4 orders the property so advertised to be sold to the last and highest bidder, but for a sum not less than the "value of the property as fixed in the assessment under which it was adjudicated to the State," except in the case of the purchase by the tax debtor, his heir, administrator, etc., when the adjudication shall be made for the amount of the taxes due on the property and costs, plus 20 per cent. Section 6 declares that the proceeds of the sale of the property, after deducting the expenses, shall be forwarded to the treasurer of the state of Louisiana. Section 7 ordains that, if the property has not been sold to the tax debtor, his heir, etc., the proceeds shall be applied, first, to the payment of the taxes due the state and its political subdivisions and the remainder credited to the general fund.

In the lower court the city of New Orleans contended that the act was not susceptible of the construction placed upon it by plaintiff, since there is no provision which expressly declares that the purchaser at the tax sale shall be relieved of the payment of taxes due municipalities. In

this court an exception of no cause of action was filed by the city based upon the alleged unconstitutionality of the act as contravening article 4, section 13, of the Constitution of 1921, which prohibits the Legislature from extinguishing debts due municipalities.

■ Concerning the exception of no cause of action, it is sufficient to say that it is not well founded for the reasons given by us in our opinion in the case of State ex rel. Huggett v. Montgomery, State Tax Collector for City of New Orleans, 167 So. 147, handed down March 27, 1936, in which we considered a similar attack leveled at Act No. 161 of 1934.

The authorities relied upon by the city to support its construction of the statute are not in point. Bellocq v. City of New Orleans, 31 La.Ann. 471, West v. Negrotto, 52 La.Ann. 381, 27 So. 75, Gulf States Land Co. v. Parker (C.C.) 60 F. 974, and Gamet's Estate v. Lindner, 159 La. 658, 106 So. 22, are cases which do not consider tax sales effected pursuant to the provisions of Act No. 237 of 1924, but only such sales as are accomplished conformably with Act No. 85 of 1888, the General Revenue Law. When property is sold for taxes under the General Revenue Law, all taxes state, parochial, and municipal, due at the day of purchase, must be paid on the property, and it has been held that the lien resulting from the taxes in favor of the different subdivisions of the state are of equal rank with the state's lien. However, in the case before us, the property was not sold pursuant to the general revenue statute, but under a special statute which provides that the minimum consideration shall be the assessed value of the property at the time of the adjudication to the state. It will be observed that in the one case the property is acquired by the purchaser at the tax sale for the amount of the taxes, without regard to the actual value of the property, while in the other the purchaser must pay the value of the property as fixed by its assessment at the time of the adjudication. It seems very clear that property sold pursuant to the provisions of the Act of 1924 contemplates that the purchaser shall pay only the value of the property. It is fair to say that the Legislature believed that the assessed value would be much greater than the taxes due on the property, and, in most instances, such would be the case. It certainly did not intend, by the adoption of the act of 1924, to afford purchasers at tax sales an opportunity to acquire property under more favorable terms than the Act No. 85 of 1885 afforded, but, on the contrary, it was expected that the terms would be much more onerous, and therefore the Legislature did not require the payment of taxes as in the case of a sale under the revenue law. That this is true is reflected by the provisions of the act, which disposes of the proceeds in excess of the taxes due on the property. That taxes due municipalities for ordinary purposes were not to be included in the purchase price is shown by section 9 of the act of 1924, which expressly required the payment of certain taxes: "Nothing in this act shall be construed to apply to any lands in this State that have been adjudicated to the State for the nonpayment, either in whole or in part, of acreage taxes or forced contributions levied, imposed or assessed by any Drainage or Sub-Drainage District," etc.

■ The state of Louisiana became the owner of the property by adjudication to it for unpaid taxes in the year 1890. As we said in State ex rel. Huggett v. Montgomery, supra, the state can dispose of its property in any manner it sees fit and subject only to constitutional restraint. While the city of New Orleans is permitted to assess property for taxes after adjudication to the state or city as though the property were in private ownership, which, in the event of the sale or redemption of the property under the general revenue laws, must be paid, nevertheless, if the state chooses to provide for the disposition of its property in some other way which does not involve the payment of past due taxes, it may do so.

Our conclusion is that the plaintiff, Clarence Peters, the purchaser at the tax sale, acquired the property free of all assessments for taxes due the city of New Orleans, and that therefore the judgment appealed from must be amended in that respect.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be and it is amended so as to order the tax collector of the city of New Orleans to erase all taxes assessed against the property described in plaintiff's petition for the year 1891 and all subsequent years, up to and including the year 1932, and, as thus amended, the judgment is affirmed.

Amended and affirmed.