the demands of plaintiff, Gip Johnson, at his cost.

It was further ordered, adjudged and decreed by this judgment that the defendants, J. D. Chapman and W. L. Hamner, have judgment in reconvention against the plaintiff, Gip Johnson, sustaining the plea of prescription urged by defendants, and confirming the tax title of W. L. Hamner as shown by tax deeds dated June 23, 1928, recorded in Book 87, Page 261, and June· 19, 1929, recorded in Book 89, Page 209 of the Conveyance records of Bienville Parish, Louisiana, and quieting them in their possession of S.½ of N.E.¼ of N.E. ¼ and N.½ of S.E.¼ of N.E.¼ of Section 18, Township 17 North, Range 6 West, under said tax deeds.

We find no error in the judgment of the Second Judicial District Court, Parish of Bienville.

For the reasons assigned, the judgment of the District Court is· affirmed; the judgment ·of the Court of Appeal, Second Circuit, is annulled and reversed; and the judgment of this court on original hearing is recalled and set aside.

The right of plaintiff, Gip Johnson, to apply for a rehearing is reserved.

O'NIELL, C.J., takes no part.

**TOUCHSTONE v. COMER et al.**
No. 5695.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

Rehearing Denied June 30, 1938.

Thompson L. Clarke, of Monroe, for appellants.

Hudson, Potts, Bernstein & Snellings, of Monroe, for appellee.

HAMITER, Judge.

A parcel of real estate located in the City of Monroe, Louisiana, was purchased in the year 1920 by one William Richardson. The purchaser at that time was married to Victoria Goodgame Richardson, the latter being the mother of two children by a former marriage, viz., Vada Walker Comer and Augustine Walker Welch.

. The property was carried on the assessment rolls for the year 1932 in the name of Willie Richardson and was adjudicated at tax sale under that assessment on December 13, 1933, to the State of Louisiana for the unpaid state and parish taxes of 1932. In 1933, the property was again assessed to Willie Richardson and on November 14, 1934, it was sold at tax sale by the City of Monroe to H. K. Touchstone for the unpaid city taxes of the year 1933.

Victoria Richardson died in the year 1935, and thereupon her above named two children assumed possession of the property under the claim of ownership by inheritance from her of an undivided one-sixth interest therein to each.

A certificate issued by the Register of the State Land Office under date of March

17, 1936, disclosing that the property had been redeemed in the name of the original tax debtor, Willie Richardson. This redemption, however, was effected through the efforts and by means of funds of the purchaser at the city tax sale, H. K. Touchstone.

On November 27, 1937, the said Touchstone brought this suit against the above mentioned children, Augustine Walker Welch and Vada Walker Comer, and against the latter's husband, Arthur Comer, praying that defendants be ordered to vacate the property, and that in default of their so doing within a designated period the sheriff of Ouachita Parish be directed to dispossess them and place plaintiff in possession thereof.

In their joint answer, defendants attack plaintiff's title to the real estate, and aver that the city tax sale from which it emanated was illegal and null. Specifically, they charge that no taxes were due on the property to the City of Monroe for the year 1933, for the reason that during that year it was adjudicated to the State of Louisiana for unpaid state and parish taxes of 1932, in which governmental entity the title rested continuously until subsequent to the purported city tax sale.

The judgment of the trial court, which was supported by written reasons, granted to plaintiff the relief sought by him. Defendants appealed suspensively.

■ The brief of appellants' counsel discloses that the controversy involves only one question for determination, viz., did the city of Monroe have the right to sell the property in question at tax sale in 1934, for claimed unpaid city taxes of 1933, when the same property had been adjudicated in 1933 to the State of Louisiana for unpaid state and parish taxes for 1932 and no redemption had been effected?

In our opinion, the case of Gamet's Estate v. Lindner, 159 La. 658, 106 So. 22, is decisive of the issue under consideration, and compels an affirmative answer to the propounded query. In the cited litigation, certain real estate situated in New Orleans, Louisiana, was adjudicated to the State of Louisiana in 1895, under an assessment in the name of Honore Gamet, for unpaid state taxes for the year 1894. In 1906, it was sold to John F. Lindner by the City of New Orleans, for unpaid city taxes of 1904. The property was not redeemed from the state until the year 1908, when this was accomplished by Lindner in the name of Honore Gamet. In 1921, the public administrator and certain heirs of Gamet, the latter having previously died, filed suit against the widow and heirs of John F. Lindner and therein attacked the tax title flowing from the City of New Orleans. The principal ground urged in support of the asserted nullity of the city tax sale was that the property had been previously adjudicated to and the title was then held by the State. The Supreme Court decreed that the adjudication of the property to the state did not preclude the municipality's enforced collection of the taxes due it. In part, the opinion recites (page 24):

"The positive requirement of the law is that subsequent to the adjudication to the state the property shall, during the period reserved for its redemption, continue to be listed and assessed in the name of its former owner. In view of the jurisprudence to which we have referred, this can only mean that the property shall continue to be listed and assessed in the name of its former owner until the state has parted with its title. In these circumstances, can it be contended that the municipality is prohibited from proceeding against the property for its taxes due thereon? We think not. In our opinion, the municipality is authorized to sell the property to satisfy its tax lien. Such sale, of course, is of necessity subject to the rights of the state. The title conveyed by the city to the purchaser at its subsequent tax sale is inchoate, to become perfect only when said purchaser has redeemed the property from the state, and thereby satisfied its claim for taxes, penalties, and costs. This right of redemption exists until it is cut off by some action of the state in disposing of the property otherwise. See Muller v. Mazerat, cited supra [109 La. 116, 33 So. 104]."

The Gamet's Estate Case, supra, was discussed and spoken of approvingly by Justice Odom, as organ for the Supreme Court, in Gip Johnson v. J. D. Chapman et al., 183 So. 285, decided March 7, 1938. In the opinion, he stated:

"The question involved in Gamet's Case was whether a municipality is barred from collecting its taxes merely because the state held title by virtue of a previous adjudication to it. The court held that the city was not cut off, and most cogent reasons were assigned for so ruling."

It is contended by defendants' counsel, however, that by reason of the enactment and existence of Act 161 of 1934, as amended and re-enacted by Act 14 of the Fourth Extra Session of 1935, and because of the decisions in the cases of State ex rel. Huggett v. Montgomery, La.App., 167 So. 147, and State ex rel. Tulane Homestead Ass'n v. Montgomery, 185 La. 777, 171 So. 28, no taxes of any nature or kind could then be imposed on nor assessments enforced against real estate while the title thereto was in the State or one of its political subdivisions.

The able trial judge, in his well considered written opinion, correctly showed the ineffectiveness and inapplicability of the cited statutes to the instant case, in the following remarks:

"It is the opinion of this court that the Acts in question did not of themselves abolish or cancel any assessment. Act 161 of 1934 simply authorizes owners or persons interested in the property adjudicated to the State, or a political subdivision thereof, for unpaid taxes, prior to the passage of this Act, to redeem said adjudicated property from the State, or its political subdivision, at any time prior to and including September 30th, 1935, upon the payment, in five (5) equal annual installments, of the amount of the exact taxes for which said property, or lands, were adjudicated. Act 14 of the Fourth Extraordinary Session of 1935 simply amended the existing Statute by extending the time, or life, thereof to twenty (20) days after the regular session of 1936, and also to include the Parish of Orleans therein.

"Defendants contend that the effect of the aforesaid Statute in the present instance was such as to suspend or abolish all city assessments on the property in question on and after its adjudication to the State in 1933. It is the opinion of this court that the Statute in question had no such effect. The Statute merely extends the opportunity or privilege to the tax debtor or person interested to redeem their property by payment of only the taxes accrued to date of adjudication. There is no evidence that any attempt was ever made by these defendants to redeem this property during the period provided by the Statute. Had they redeemed the property from the State in the period provided, it is certain they would not have been required to pay State and Parish taxes accruing from the date of adjudication to January 1st following the date of redemption. As to whether the City taxes accruing after the date of adjudication to the State could have been considered is a question we are not here called upon to answer. Be that as it may, defendants did not elect to exercise the privilege of the Statute. They made no effort to redeem this property during the life of the law. In the absence of such an initiative, the Statute in question could not of itself, in any way, effect the tax status of this property at this time, or at any other time. This Statute extended only a privilege to be exercised; unexercised, it had no effect."

The Montgomery Cases, cited supra, which construe and interpret the aforediscussed statutes, are likewise inapplicable here, and the doctrine therein announced in no manner contravenes the holding of the Gamet's Estate Case. The adjudicated property in each of those controversies had been properly redeemed, and by reason of the redemption and the provisions of the cited relief statutes, taxes accruing subsequent to the years in which the adjudication occurred were held to be cancelled. As above pointed out, no redemption of the property in the instant case was obtained during the existence and pursuant to the authority of such statutes.

We are of the opinion that the judgment appealed from is correct, and, accordingly, it is affirmed.