**JONES et al. v. TOWN OF PINEVILLE et al.**

**No. 6236.**

Court of Appeal of Louisiana. Second Circuit.

Jan. 13, 1941.

Frank H. Peterman, of Alexandria, for appellants.

H. W. Hill, of Alexandria, for appellees.

TALIAFERRO, Judge.

Lot Two (2) of Square Twenty (20) of Ruby Addition to the Town of Pineville, Louisiana, was, in the absence of bidders, after advertisement in the name of the record owners, adjudicated to the State at a sale for delinquent taxes of the year 1928 due to the State and the Parish of Rapides. A deed thereto was executed by the sheriff and tax collector on August 17, 1929, which was promptly registered in the conveyance records.

The same property was, after due advertisement, adjudicated to the Village of Pineville for delinquent taxes of the year 1928 due by and assessed against it. This sale occurred on November 29, 1929, but the deed to the village was not signed until February 8, 1935. It was recorded the same day.

The sheriff of Rapides Parish, pursuant to a commission to him from the Register of the State Land Office, as is authorized by Act 237 of 1924, advertised the property for sale as belonging to the State and adjudicated the same to plaintiffs on February 3, 1940, which was more than ten years after the original sale for taxes to the State. A patent to plaintiffs was executed and signed by the Governor on March 12, 1940, and duly registered.

The present summary proceeding was instituted on June 7, 1940. Plaintiffs, after deraigning their title, attack the tax sale to the defendant as being null and void and a cloud upon their own title to the property for the reason that at the time of adjudication to defendant, title thereto had passed to and was vested in the State of Louisiana. They further alleged that for the years 1929 to 1939, both inclusive, the property was assessed to the original tax debtors on the tax rolls of said village and that demand was being made for payment of the taxes due under these assessments.

Plaintiffs prayed that the tax deed to defendant be decreed null and void and that it and said assessments be ordered canceled. Defendant's answer was a categorical denial. There was judgment for plaintiffs as prayed for and defendant appealed.

Counsel for appellant in brief concedes the correctness of the judgment appealed from and states that there exists no valid ground for reversal thereof; citing, as the basis for this conclusion, Peters v. Twogood et al., La.App., 167 So. 206.

Counsel is eminently correct. A sale of real estate for taxes due the State and Parish is superior to and primes a sale of the same property for the same year's taxes due to a municipality. Section 35 of Act 136 of 1898, relative to sales for taxes due to municipalities, in part, reads as follows: "But such title shall be subject to a title acquired under a sale for State and parish taxes."

See Touchstone v. Comer et al., La.App., 183 So. 291, and Gamet's Estate v. Lindner et al., 159 La. 658, 106 So. 22.

There is no legal obstacle to a sale of property for delinquent taxes due to a municipality subsequent to one made for delinquent State and Parish taxes, but such a sale remains dormant and inchoate so long as the prior sale is in effect. If the prior sale is released through redemption or otherwise, then the sale for municipal taxes automatically emerges from its original status and ripens into a perfect title. In the present case, the State held a valid title to the lot in question and conveyed the same to the plaintiffs. This being true, it is impossible for defendant's title to ever emerge from its original inchoate and imperfect status. It is, therefore, a cloud upon the title acquired by plaintiffs from the State.

The judgment appealed from is for said reasons affirmed.