Plaintiff, Warren A. Doll, prays for a writ of mandamus to compel the defendant, William P. Hickey, the Recorder of Mortgages for the Parish of Orleans, to cancel and erase from the records of the Mortgage Office certain franchise tax inscriptions, to-wit: one judgment and two liens.
The defendant filed an exception of non-joinder of parties defendant and, in the alternative, he further excepted that the petition disclosed no cause of action, and answered generally denying the allegations of plaintiff's petition.
From a judgment in favor of defendant maintaining the exception of non-joinder and ordering the plaintiff to make the "Collector of Revenue for the State of Louisiana a party defendant herein within ten days from date hereof", plaintiff prosecutes this appeal. Defendant has answered the appeal claiming that the judgment of the court, a qua, is in error in that the Collector of Revenue was not the proper party to the said proceedings, but that the State of Louisiana should be made a party and that as thus amended the judgment should be affirmed.
The record reflects that the plaintiff is the owner of certain property which is fully described in the petition and consists of a "certain vacant triangle of ground designated by the Number 2521 in the Third District of the City of New Orleans, bounded by St. Denis, Marigny, Montreal and Montpelier Streets"; that the said property was acquired by the State of Louisiana, as adjudicatee, at a tax sale in the name of Ozark Land Company, on account of non-payment of taxes for the year 1931, by deed recorded February 16, 1933, registered in COB 470, folio 24; that plaintiff acquired this property by virtue of the provisions of Act No. 237 of 1924, as amended, by purchase from the State of Louisiana on June 28th, 1947, as per patent No. 14,775, Record of Patents, Volume 44, Page 98, and registered in COB 556, folio 61. The record further reflects that the judgment covering taxes for the years 1940 and 1941, and two liens covering corporation franchise taxes for the years 1942 and 1943, were recorded in the Mortgage Office against the Roosevelt Laundry, Cleaners Dyers, Inc., the amended charter title of the Ozark Land Company, in the years 1943 and 1944 and, at that time, the property was in the possession of the State, as adjudicatee, and remained in the possession of the State until it was sold to plaintiff in the year 1947.
Plaintiff attached to his petition requesting that a writ of mandamus issue against the Recorder of Mortgages, a photostatic copy of an affidavit executed by W. A. Cooper, Collector of Revenue for the State of Louisiana, reading as follows: *Page 160 
"State Of Louisiana
Parish of East Baton Rouge
"Partial Cancellation Of Judgment
"Before me, the undersigned authority, personally came and appeared W. A. Cooper, who, being duly sworn, deposed and said:
"That as Collector of Revenue for the State of Louisiana and that in said official capacity he is charged with the administration of the Corporation Franchise Tax Act and particularly with the collection of said taxes.
"Deponent further states that the following judgment and liens rendered in favor of the State of Louisiana and against Roosevelt Laundry, Cleaners Dyers, Inc., covering franchise taxes:
"1. A certain judgment in proceedings No. 308,346 of the First City Court for the city of New Orleans covering taxes for the years 1940 and 1941, recorded in Orleans Parish Mortgage Office Book 1602, Folio 283;
"2. A certain lien covering corporation franchise taxes for the year 1942, recorded in Orleans Parish Mortgage Office Book 1618, Folio 524;
"3. A certain lien covering corporation franchise taxes for the year 1943, recorded in Orleans Parish Mortgage Office Book 1618, Folio 525:
"should be cancelled and erased insofar only as they bear against the following described property:
"A certain vacant triangle designated by the number 2521 in the Third District of the City of New Orleans, bounded by St. Denis, Marigny, Montreal and Montpelier Streets, said vacant triangle having been acquired by Warren A. Doll from the State of Louisiana under patent No. 14776 on June 28, 1947.
"Deponent further states that inasmuch as the judgment and liens hereinabove referred to have been extinguished by the sale of the property by the State of Louisiana, he does hereby authorize and request the Recorder of Mortgages of Orleans Parish to fully cancel and erase the said judgment and liens from the records of his office insofar only as they bear against the property described herein.
"(Signed) W. A. Cooper ---------------------- W. A. Cooper
"Sworn to and subscribed before me at Baton Rouge, Louisiana, this 8th day of Mar. 1949.
"(Signed) Percy A. Dupuy ------------------------ Notary Public."
Plaintiff also attached to his petition a letter, dated March 16, 1949, addressed to plaintiff's attorney by Stephen B. Rodi, Attorney for the Collector of Revenue, which reads:
"Department of Revenue
State of Louisiana
Baton Rouge
"March 16, 1949
"Mr. Delvaille H. Theard 1537 Lesseps Street New Orleans 17, Louisiana
Dear Mr. Theard:
"Reference is made to your letter of March 13, 1949, wherein you advised me that the attorney for the Recorder of Mortgages for the Parish of Orleans refuses to honor the release executed by the Collector of Revenue with respect to certain property acquired by Warren A. Doll from the State of Louisiana by patent No. 14776.
"You advise that the Recorder of Mortgages will honor the release if it is approved by the Board of Tax Appeals. Apparently the Recorder of Mortgages seeks compliance with the provisions of Section 14 of Act 157 of 1942.
"It is our opinion that the provisions of Section 14 of Act 157 of 1942 do not apply to this type of release. As a matter of fact, any lien which the Collector of Revenue and the State of Louisiana may have had on this property was released by operation of law when the property was sold by the State of Louisiana in conformity with the provisions of Act 237 of 1924, as amended. Incidentally, this very point has been passed upon in Peters v. Twogood [La. App.], 167 So. 206, and in Jones v. Town of Pineville [La. App.], 200 So. 38. *Page 161 
"Inasmuch as we feel that Act 157 of 1942 has no bearing or concern with this type of release, we will not request the Board of Tax Appeals to approve same. As a matter of fact, there is no release being given, but a mere clarification of the record. If you desire to take this matter up directly with the Board of Tax Appeals, the Department, of course, will not object.
"As an alternative procedure, I can only suggest that you take a rule upon the Recorder of Mortgages and the Collector of Revenue seeking the erasure of the judgment.
"With kindest regards, I am
Yours very truly,
"(Signed) Stephen B. Rodi Attorney."
The only issue presented by the foregoing pleadings is the question of whether the court, a qua, was correct in maintaining the exception of non-joinder and whether the State of Louisiana or the Collector of Revenue was the proper party to be joined.
In our opinion there was no necessity of joining, in these proceedings, W. A. Cooper, the Collector of Revenue. The Collector of Revenue, fully representing the State of Louisiana in revenue matters, had given, through the medium of an affidavit, a valid release of the three inscriptions heretofore referred to. Therefore, it was not necessary that he should be made a party defendant merely to repeat in the the court, a qua, what he had already stated officially in his affidavit.
When a creditor has consented to the cancellation of an inscription in his favor, there is no legal necessity for him to be made a party defendant in a mandamus suit against the Recorder of Mortgages for the cancellation of the said inscription.
Counsel for the defendant maintains that in a suit to cancel an inscription the creditor should be made a party. We fully agree with that contention, however, it has no application to the instant case because the creditor has consented to the cancellation and, therefore, need not be made a party to the suit. Under the circumstances we think that this would be a vain and useless gesture on the part of the Collector of Revenue. Erwin v. Bank of Kentucky, 5 La. Ann. 1.
Article 3371 of the Revised Civil Code provides:
"Inscriptions of mortgages and privileges are erased by the consent of the parties interested and having capacity for that purpose; this consent to be evidenced by a release, or by a receipt given on the records of the court rendering the judgment on which the mortgage is founded."
Revised Civil Code, Article 3374, reads as follows: —
"The record of mortgages for the parish of Orleans, and the parish recorders of the several parishes of the State, are authorized and required to cancel from their records any mortgage for which a release may have been granted by an authentic act, upon the mere presentation of the certificate of the notary public before whom such act was executed, or of his successor in office, stating by said act a release was granted and the erasure allowed; this certificate shall be filed in the office of the recorder of mortgages where such canceling is asked for."
Counsel for the Recorder of Mortgages maintains that he is not requesting that "the Collector of Revenue be made a party defendant, but the State of Louisiana be made a party through the Attorney General. The controlling section of this law is Act No. 157 of 1942, § 19, which provides that in any and all cases where the Collector of Revenue is authorized to compromise, waive or reduce any taxes or revenues the approval of the Board of Tax Appeals must be obtained. The Recorder has no authority to cancel any inscription just on the presentation of the release of the Collector of Revenue or anyone else unless there is some authority for this right and nothing can be pointed out in the Statute giving the right to anyone to authorize the Recorder of Mortgages to cancel".
In view of the contention of counsel for the defendant we, therefore, turn our consideration to the capacity and authority of *Page 162 
the Collector of Revenue for the State of Louisiana to execute the affidavit in question, as a representative of the State of Louisiana.
The Collector of Revenue is a constitutional officer of the State as is evidenced by Article VI § 26, of the Louisiana Constitution of 1921, as amended by Act No. 69 of 1936. By said constitutional provision the Collector of Revenue "shall have and exercise all authority and power in relation to the collection of taxes and revenues as is now vested by the Constitution or by law in the Supervisor of Public Accounts". Under Act No. 47 of 1940, Title IV, § 4, Dart's Statutes, Section 7789.29, usually referred to as the Louisiana Administrative Code of 1940 "The Collector of Revenue, appointed as provided by the Constitution, is hereby designated as the Director of Revenue * * * and shall be the head of the Department, * * *. The Director shall be the chief authority of the State, and the chief technical advisor of the Governor and the Legislature, on matters of tax and other revenue administration of the State."
Section 8729 of Dart's Statutes, Corporation Franchise Tax Act, Act No. 10 of 1935, 1st Ex.Sess., § 7, as amended by Act No. 201 of 1946, provides:
"If the franchise tax as hereinabove provided is not paid at the time or in the manner specified in this Act by the corporation owing the same, then the Collector shall make in any manner feasible, and cause to be recorded in the mortgage records of the parish or parishes wherein the corporation is doing business in this State, a statement, under oath, showing the amount of the tax due by such corporation, which statement when filed for record, shall operate as a first lien, privilege and mortgage on all the property, assets and effects of such corporation, * * *".
In the instant case, the Collector of Revenue issued an affidavit, a photostat of which is attached to plaintiff's petition, directing that since the property here involved, had been sold by the State to the plaintiff under Act No. 237 of 1924, the judgment and liens in favor of the State, hereinabove referred to, had been cancelled by the operation of law and should properly be erased from the records of the mortgage office insofar as they bear against plaintiff's property. It will be observed that the Collector of Revenue is not waiving, compromising or reducing any taxes, but is merely, in his official capacity as Collector of Revenue, stating that the mortgage records be clarified by the removal of these inscriptions insofar as they bear against the designated property which was sold by the State to plaintiff is concerned, inasmuch as this erasure and cancellation has already taken place by operation of law by virtue of the sale of the property free and clear of all encumbrances pursuant to Act No. 237 of 1924.
Under Section 8729 of Dart's Statutes, Corporation Franchise Tax Act, the Collector of Revenue has the right to record, in the mortgage records of the parish wherein the corporation is doing business in this State, "a statement, under oath, showing the amount of the tax due by such corporation, which statement when filed for record shall operate as a first lien, privilege and mortgage on all the property, assets and effects of such corporation * * *". In our opinion, by the same token, the said official has a reciprocal right, on behalf of the State of Louisiana, to cause the removal of these inscriptions, therefore, when the Collector of Revenue, who is the chief authority of the State on matters of taxes and other revenues in Louisiana, has given his written consent to the erasure from the mortgage records of the inscriptions, it is illogical to require that he should, in addition thereto, be made a party defendant in order that he may be judicially condemned to do the very thing he has officially and has always been entirely willing to do, as an official act on his part in the capacity of Collector of Revenue for the State of Louisiana.
Counsel for the defendant contends, as stated hereinabove, that it is not the Collector of Revenue, but the State of Louisiana, that should be made a party defendant herein. *Page 163 
In State of Louisiana v. Texas Company, D.C., 38 F. Supp. 860, the court was of the opinion that the Collector of Revenue and previously the Supervisor of Public Accounts for the State of Louisiana, was the proper party to bring suit for the recovery of taxes and although the suit is in the name of the Collector of Revenue, the State is actually the real party in interest.
The Collector of Revenue is fully authorized to act for the State and when he does act, as he did in the instant case, it is in reality the State itself which has acted. Therefore, since the Collector of Revenue has officially declared that he believes that certain inscriptions of corporation franchise taxes are null and void by virtue of the sale of this property by the State to plaintiff, pursuant to Act No. 237 of 1924 and should, therefore, be cancelled by the Recorder of Mortgages from the books and records of the mortgage office, it is, in reality, the State of Louisiana that is the "real party in interest" and since the State, through the Collector of Revenue has thus acted in the matter, it would be a useless gesture to require that the Collector of Revenue or the State should be ordered and mandated by a judgment of court, to consent to fulfill what has already been officially recognized and admitted by them.
In our opinion the defendant's exception of non-joinder is not well founded in law and should have been overruled.
The trial judge did not pass upon the exceptions of no right or cause of action, and we shall not consider them at this time.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed, the exception of non-joinder is overruled and the case is remanded to the district court for further proceedings, according to law and consistent with the views herein expressed.
Reversed and remanded.
JANVIER, J., absent, takes no part.