COVINGTON, Judge.
This is an appeal from the summary judgment of the District Court which confirmed the tax titles of both the appellant and the appellees in the subject property, but decreed that the appellant’s title, which was acquired at a city tax sale, was subject to the title of the appellees, which was acquired at the, sale for State and Parish taxes. We affirm.
The facts are not in dispute. Nathan Phillips, the appellant, acquired his title to Lots 13,14,15, and 16, Square 47, Pine Park Place Subdivision, City of Slidell, Parish of St. Tammany, State of Louisiana, at a tax sale on July 16, 1971, for the unpaid City taxes due in 1970, assessed in the name of George C. Foltz. Phillips’ Tax Deed was dated September 1971 (date of the month is left blank) and was recorded November 16, 1971, in COB 641, folio 155, of the official records.
Lawrence E. Abney and Arthur B. Crow, the appellees, acquired the same property as follows: (1) from George C. Foltz and wife by deed from Thomas E. Schafer, III, Trustee in Bankruptcy in the matter of Foltz and wife, bankrupts, on January 28, 1976, filed February 5,1976, recorded in COB 776, folio 495, and (2) from Mr. and Mrs. Jack T. McGuyer by act dated March 26, 1976, recorded March 30, 1976, in COB 781, folio 811, of the official records. The McGuyers acquired the subject property by Tax Deed from George C. Foltz at a tax sale on May 26, 1971, for the unpaid State and Parish taxes due for 1970. This “Abney-Crow Tax Deed” was dated June 30, 1971, and was recorded in COB 620, folio 8, on June 30, 1971.
Neither party to this suit redeemed the tax sale of the other party, and it is conceded that the five year peremptive period quieting tax sales pursuant to Article X, Section 11 of the Louisiana Constitution of 1921 and Article 7, Section 25 of the Louisiana Constitution of 1974 has run on both tax titles.
Appellant’s basic contention is that on November 16, 1976, when his tax sale reached a period in time of five years from the date of registry of his tax deed, his title became “perfect, free from its former inchoate state and thus eliminated all antecedent claims of the former owners including the claim of McGuyer and her assignees, Abney and Crow, who acquired the property for the 1970 State and Parish taxes, but at a period in time prior to the Phillips tax deed.”
In our opinion, LSA-R.S. 33:461[1] and the cases of Garnet's Estate v. Lindner, 159 La. *MCCCXCVI 658, 106 So. 22 (1925), and Jones v. Town of Pineville, 200 So. 38 (La.App. 2 Cir. 1941), are determinative of the issue under consideration, and compel us to disagree with the appellant’s contention.
In Garnet’s Estate, a certain city lot (along with other lots) in the City of New Orleans was adjudicated to the State in 1895 under an assessment in Garnet’s name for unpaid taxes for 1894. In 1906 the city lot was sold to Lindner by the City for unpaid city taxes for 1904. The property was not redeemed from the State until 1908, when this was done by Lindner in Garnet’s name. On November 30, 1921, the public administrator joined several heirs of Garnet in a suit against the widow and heirs of Lindner, attacking the tax title flowing from the City. The principal ground urged in support of the alleged nullity of the city tax sale was that the city lot had been previously adjudicated to the State for unpaid taxes in an earlier year, and therefore that title was in the State. The Supreme Court held that the adjudication to the State did not preclude the City’s enforced collection of city taxes due it. In so holding, the Supreme Court said:
“The positive requirement of the law is that subsequent to the adjudication to the state the property shall, during the period reserved for its redemption, continue to be listed and assessed in the name of its former owner. In view of the jurisprudence to which we have referred, this can only mean that the property shall continue to be listed and assessed in the name of its former owner until the state has parted with its title. In these circumstances, can it be contended that the municipality is prohibited from proceeding against the property for its taxes due thereon? We think not. In our opinion, the municipality is authorized to sell the property to satisfy its tax lien. Such sale, of course, is of necessity subject to the rights of the state. The title conveyed by the city to the purchaser at its subsequent tax sale is inchoate, to become perfect only when said purchaser has redeemed the property from the state, and thereby satisfied its claim for taxes, penalties, and costs. This right of redemption exists until it is cut off by some action of the state in disposing of the property otherwise.”
In Jones v. Town of Pineville, supra, a city lot in Pineville was adjudicated to the State at a sale for delinquent State and Parish taxes for the year 1928, which deed was executed and registered on August 17, 1929. The same lot was adjudicated to the municipality for unpaid taxes for the same year, 1928. The sale was made on November 29, 1929, and the deed therefor was executed and registered on February 8, 1935. Ultimately, the State conveyed the property to the Joneses by Sheriff’s sale under a commission from the State Land Office. The Joneses attacked the city tax sale as null and a cloud on their title.
The Court affirmed the trial court’s judgment, holding that the city tax sale was null and void. In reaching this decision, the Court said:
*MCCCXCVII “There is no legal obstacle to a sale of property for delinquent taxes due to a municipality subsequent to one made for delinquent State and Parish taxes, but such a sale remains dormant and inchoate so long as the prior sale is in effect. If the prior sale is released through redemption or otherwise, then the sale for municipal taxes automatically emerges from its original status and ripens into a perfect title. In the present case, the State held a valid title to the lot in question and conveyed the same to the plaintiffs. This being true, it is impossible for defendant’s title to ever emerge from its original inchoate and imperfect status. It is, therefore, a cloud upon the title acquired by plaintiffs from the State.”
We think the cited cases stand for the rule that property may be sold for unpaid city taxes even though the same property may have been previously sold for unpaid state and parish taxes. The purchaser at the city tax sale, under those circumstances, acquires inchoate rights to the property, which may ripen into a valid title upon subsequent redemption of the property. The reason for this rule is that the law specifically authorizes a municipality to assess and collect taxes separately from those assessed and collected by .the state and parish; and, if it should be determined that the municipality is precluded from assessing for city taxes and enforcing payment of such taxes because the property had previously been sold for state and parish taxes, the municipality would be seriously handicapped in obtaining its revenues, a result which the law does not intend. LSA — R.S. 33:461; Zengel, Tax Sales: Redemption and Annulment, 16 Tul.L.Rev. 585 (1942).
However, it is specifically provided in LSA-R.S. 33:461 that the city tax title “shall be subject to a title acquired under a sale for state and parish taxes.”
The trial judge in his written “Reasons for Judgment” commented as follows:
“The claims of the parties in this case are governed by La.R.S. 33:461. As is clearly shown from the above excerpt from this statute, titles acquired at city tax sales are not inferior to titles acquired at tax sales for State and Parish taxes. Instead, each title is given the same force and effect, and confers the same right and remedies. La.R.S. 33:461. This statute does not give the defendants a defense that defeats plaintiff’s city tax title. Both titles are valid and are to be given equal effect.
“However, the legislature has provided that the title acquired at the sale for city taxes shall be subject to the title acquired at sale for State and Parish taxes. This scheme eliminates the conflict that arises where separate sovereigns sell the same property for taxes due for the same year by the same tax debtor. Therefore, both titles may be confirmed by the judgment of this court, but the title vested in the plaintiff shall be subject to that vested in the defendants.”
We are of the opinion that the judgment appealed is correct, and, accordingly, it is affirmed, at appellant’s costs.
AFFIRMED.

. LSA-R.S. 33:461 reads as follows:
“The municipal assessment of property for taxation shall be made by the clerk or tax collector, by copying from the parish assessment rolls that portion which embraces property or persons within the corporate limits; the copy may be made at any time after the assessment rolls are approved, and all changes in the parish assessment thereafter made shall likewise be made in the copy. The copy shall be placed in the hands of the municipal tax collector, and be his warrant for the collection of municipal taxes. In all cases where persons or property have escaped taxation for a previous year, the clerk shall assess the same for taxation, and his assessment, when approved by the mayor and board of aldermen, on notice to the person assessed, shall be binding and conclusive, unless appealed from within five days after his approval. The mayor and board of aldermen shall levy the municipal taxes at the regular meeting in September of each year, or, in case of failure to do so, at any other regular meeting thereafter. The tax collector shall collect municipal taxes during the time and in the same manner and under the same penalties as the State and parish taxes are collected.
“He shall, where not otherwise provided, in all particulars, be governed by the general revenue laws of this state, so far as applicable, in making such collection; but he shall make the reports thereby required to the mayor and board of aldermen, and shall pay over the money collected to the municipal treasurer; and shall receive only such commission or compensation as may be allowed by ordinance.
“Sales for the nonpayment of municipal taxes shall be made by the tax collector at such place, within the corporate limits as the mayor and board of aldermen may direct. The sale of real estate and the distraint and sale of personal property, shall be made upon the same notice, at the same time, and in the same manner *MCCCXCVI as provided by law for sale of like property for unpaid state and parish taxes. The deed to the purchasers for lands so sold shall be filed with the parish clerk of court, and there remain subject to redemption for the same length of time, and in the same manner as prescribed for the redemption of land sold for State and parish taxes. Where lands are offered for sale for unpaid municipal taxes, and a person will not bid therefor, the amount of taxes, damages, and costs due the same shall be struck off to the municipality, and otherwise dealt with as lands which are sold to the state for delinquent state and parish taxes. The board may pay the state and parish taxes on lands thus acquired by it, and collect the money thus paid, with the damages and interest allowed individuals in similar cases under the general revenue laws of the state thereon, from the date of such payment, upon the redemption of the lands from the municipal sale. The deeds of the tax collectors to individuals and a list of the lands sold to the municipality, which shall be made as required to be made by the state and parish collector, shall be filed within ten days after the tax sale, with the municipal clerk; and each shall have the same force and effect, and confer the same right, and be entitled to the same remedies, as deeds and lists made for delinquent taxes by the state and parish tax collector. But such title shall be subject to a title acquired under a sale for state and parish taxes.”