Dear Representative McFerren:
You have asked for an opinion from this office regarding which tax title would prevail where property was purchased at a city tax sale by one purchaser and at a parish tax sale by another purchaser. Both sales were held in 1985 but the city tax purchaser took possession of the property and has maintained same ever since. Moreover, both city and parish taxes have continuously been paid by the city tax purchaser and the property has been assessed in his name.
Where property is purchased at two different tax sales by two different purchasers each title is given the same force and effect and confers the same rights and remedies. This is because each sovereign, i.e. the city and the parish, have an equal right to enforce their local tax laws and to sell property to satisfy their respective tax liens. However, the city tax title, by law, is made subject to the parish tax title which eliminates the conflict that arises where separate sovereigns sell the same property for taxes due for the same year by the same tax debtor. La. R.S. 33:461; Phillips v. Abney, 377 So.2d 1314
(1st Cir. 1979).
The fact that the parish purchaser has not paid taxes nor occupied the property since the parish sale does not affect his title since the taxes have in fact been paid, albeit by the city tax purchaser. The city tax purchaser cannot gain a clear title by merely paying the taxes. Instead, he would be required under the law to either redeem the parish taxes or acquire a prescriptive title based on good faith possession of ten years.
In either case, the time requirements work against the city tax purchaser. In the former, the time for redemption (3 years) has long since run and in the latter the prescriptive period (10 years) has not yet elapsed.
Accordingly, it is our opinion that the city tax title, although of equal force and effect to the parish tax title, is made subject thereto by virtue of the above cited authorities.
If we may be of further service, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: DAVID C. KIMMEL Assistant Attorney General
DCK/jb