Dear Mr. Langlinais:
You have requested an opinion of the Attorney General on two questions regarding the procedures to be followed for the assessment of property subsequent to municipal and parish tax sales. On Tuesday, September 1, 1998, I received your supplemental request letter containing an additional question for our disposition. Your queries can be summarized as follows:
1. Property was adjudicated to the City of Kaplan (City) on January 12, 1998, for the nonpayment of 1996 municipal taxes. The same property was subsequently sold to individual A on April 27, 1998 for nonpayment of 1997 municipal taxes. You ask to whom should this property be assessed on the 1998 City tax roll?
2. On January 12, 1998, the City tax collector sold property to individual B for the nonpayment of 1996 municipal taxes. This same property was subsequently sold on June 10, 1998 by the Vermilion Parish Sheriff's Office to individual C for nonpayment of 1997 parish taxes. You ask to whom should the property be assessed on the 1998 City tax roll?
3. In 1998, individual D purchased property at a City tax sale for nonpayment of City taxes. This same property was subsequently sold in the same year by the Sheriff at a parish tax sale for nonpayment of parish taxes to individual E. To whom should the property be assessed on next year's City tax roll?
In answer to your first inquiry, we refer you to R.S. 33:461
which constitutes the general statutory provision for the assessment and collection of municipal taxes, municipal tax sales and the adjudication of property to municipalities for nonpayment of taxes. It provides, in pertinent part, the following:
 § 461. Assessment and collection of municipal taxes; tax sales; sale to municipality
 * * *
 B. (3) Where lands are offered for sale for unpaid municipal taxes, and a person will not bid therefor, the amount of taxes, damages, and costs due the same shall be struck off to the municipality, and otherwise dealt with as lands which are sold to the state for delinquent state and parish taxes. The board may pay the state and parish taxes on lands thus acquired by it, and collect the money thus paid, with the damages and interest allowed individuals in similar cases under the general revenue laws of the state thereon, from the date of such payment, upon the redemption of the lands from the municipal sale.
As can be gleaned from the above, lands adjudicated to the City should be dealt with in the same manner as are lands adjudicated to the State (now, the parish where the property is located, as per R.S. 47:2251). While our revised statutes do not contain specific provisions pertaining to the assessment of property adjudicated to a municipality, we find R.S. 47:1955 to be applicable to and dispositive of this issue. It governs the assessment of property adjudicated to the State and provides, in pertinent part, the following:
 § 1955. Assessment of property adjudicated to the state
 After property has been adjudicated to the state, it shall be assessed during the period allowed by existing law for its redemption, in the name of the person to whom it was assessed at the date of the sale. During the period allowed by existing law in which the owner of the property is permitted to redeem it, the tax collector shall not again sell the property under the continued assessment aforesaid while the property remains in a condition of forfeiture to the state, but the assessors of the several parishes of the state shall designate such property as adjudicated to the state, and list and assess it separately from all other property. [Emphasis added.]
Accordingly, and based upon the above statutory provisions, we are of the opinion that property adjudicated to the City must be assessed, during the three year period of redemption allowed by law, in the name of the original owner (i.e., the person to whom it was assessed at the date of the sale). This property, however, must be listed and assessed separately from all other property and designated adjudicated to the City. In accord is Attorney General Opinion No. 79-1494.
Your second inquiry pertains to the 1998 City tax roll and the reflection of the proper owner to be assessed thereon. You ask this question with reference to city and parish tax sales occurring in January and June of 1998, respectively. We find the following statutory provisions relevant to the resolution of this inquiry:
R.S. 47:1952. Place and time of listing and assessment
 A. All property subject to taxation, including merchandise or stock in trade, shall be placed upon the assessment list in the respective parishes or districts where situated. Assessment shall be made on the basis of the condition of things existing on the first day of January of each year; however, as to the ownership of immovable property subject to taxation, the assessor may note on the tax roll any transfer of such property which takes place after the first day of January but before the assessor files the tax roll with the tax collector as required in R.S. 47:1993, if practicable. If the assessor makes such note on the tax rolls, the tax notice shall then be sent to such owner in lieu of the owner of the property as of January first. [Emphasis added.]
 * * *
 R.S. 33:461. Assessment and collection of municipal taxes; tax sales; sale to municipality
 A. (1) The municipal assessment of property for taxation shall be made by the clerk or tax collector, by copying from the parish assessment rolls that portion which embraces property or persons within the corporate limits. The copy may be made at any time after the assessment rolls are approved, and all changes in the parish assessment thereafter made shall likewise be made in the copy. The copy shall be placed in the hands of the municipal tax collector, and be his warrant for the collection of municipal taxes.
As can be gleaned from the above, the law clearly provides that the owner of record of the property in question as of January 1, 1998, should be listed on the 1998 parish assessment rolls. The same would hold true for the 1998 City assessment rolls since the City's rolls constitute a copy of a portion of the parish assessment rolls. R.S. 33:461(A)(1).
Parenthetically, it should be noted that, once immovable property is sold at a tax sale, from the date of the recording of a tax deed to that property, all taxes thereon shall, after that date, be assessed to and paid by the purchaser, until the property or any part thereof, is redeemed. R.S. 47:2193. Thus, 1999 and subsequent years' City assessment rolls should reflect the purchaser as owner of record. In accord are Attorney General Opinion Nos. 94-56, 92-396 and 91-229. We turn now to your final inquiry.
As we have seen from the above, both governmental entities (i.e., the parish and the municipality) have the authority to levy taxes and enforce the collection thereof through seizure and sale of the tax delinquent property. Where separate parish and city tax sales are held in the same year on the same property, resulting in two different purchasers, both purchasers have acquired a good and valid title to the property. Thus, the city tax purchaser has the same rights and remedies as does the parish purchaser. However, we draw your attention to R.S. 33:461(B)(4) which provides:
 (4) The deeds of the tax collectors to individuals and a list of the lands sold to the municipality, which shall be made as required to be made by the state and parish collector, shall be filed within ten days after the tax sale, with the municipal clerk; and each shall have the same force and effect, and confer the same right, and be entitled to the same remedies, as deeds and lists made for delinquent taxes by the state and parish tax collector. But such title shall be subject to a title acquired under a sale for state and parish taxes. [Emphasis added.]
While the city tax purchaser has the same rights and remedies as the parish tax purchaser, Section 461(B)(4) clearly subjects the city tax title to the parish tax title. The purpose for this subjugation is explained in Phillips v. Abney, 377 So.2d 1314
(La.App. 1st Cir. 1979):
 . . . . This scheme eliminates the conflict that arises where separate sovereigns sell the same property for taxes due the same year by the tax debtor. Therefore, both titles may be confirmed by the judgment of this court, but the title vested in the plaintiff (city tax holder) shall be subject to that vested in the defendant (parish tax holder).
It therefore follows that the owner of record to be carried on the subsequent years' City tax rolls is the purchaser who acquired the property at the parish tax sale. In accord are Attorney General Opinion Nos. 94-56, 93-119, 92-396, 91-229, 90-425, 88-310 and 87-585.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla Enclosures